IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NOTTINGHAM, *et al.*, | No. 3:19-CV-01949 |
| Petitioners, | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| LAUREL HARRY, Superintendent, *et al.*, | |
| Respondents. | |

## ORDER

**JUNE 19, 2020**

Petitioners James E. Nottingham and William Haight filed the instant action on November 13, 2019. It was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties who can then object.[2]

On May 13, 2020, Magistrate Judge Karoline Mehalchick, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that the Court dismiss the instant action for lack of jurisdiction

---

[1] 28 U.S.C. 636(b)(1)(B).
[2] 28 U.S.C. 636(b)(1).

without prejudice to Nottingham's right to seek pre-authorization from the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 2244(b)(3). Further, Magistrate Judge Mehalchick recommended that the Court decline to issue a certificate of appealability.[3]

Nottingham filed objections to the report and recommendation on May 29, 2020.[4] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[5] Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[6] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

---

[3] *See* Doc. 20.
[4] *See* Doc. 23.
[5] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).
[6] *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[7] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because I write solely for the parties, I will not restate the facts. Instead, I adopt the recitation of facts as set forth by the magistrate judge. I have conducted a *de novo* review here and found no error.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Karoline Mehalchick's May 13, 2020 Report and Recommendation, Doc. 20, is **ADOPTED** in full.

2. Petitioner Nottingham's Petition, Doc. 1, is **DISMISSED** for lack of jurisdiction.[9] This dismissal is without prejudice to Nottingham's right to seek pre-authorization from the United States Court of Appeals for the Third Circuit.[10]

3. Petitioner Nottingham's Motion for Leave to Proceed *in Forma Pauperis*, Doc. 5, is **DISMISSED AS MOOT**.

4. The Court declines to issue a certificate of appealability.[11]

5. The Clerk of Court is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[9] *See* 28 U.S.C. § 2244(b)(2).
[10] *See* 28 U.S.C. § 2244(b)(3).
[11] *See* 28 U.S.C. § 2253(c)(2).